*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU INSURANCE COMPANY OF
MICHIGAN, DENNIS WILCOME, SARAH
WILCOME, and DS WILCOME, INC.,

        Plaintiffs-Appellees,

v

BLARNEY CASTLE OIL COMPANY,

        Defendant-Appellant.

UNPUBLISHED
November 14, 2024
9:43 AM
APPROVED FOR
PUBLICATION
January 22, 2025
11:47 AM

No. 364960
Cheboygan Circuit Court
LC No. 22-008893-CZ

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

CAMERON, J.

In this interlocutory appeal, defendant appeals as on leave granted[1] the portion of the trial court's order denying its motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine question of material fact) as to a claim of negligence brought by plaintiffs, Dennis Wilcome, Sarah Wilcome, DS Wilcome, Inc. (collectively, the Wilcomes), and their insurer, Farm Bureau Insurance Company of Michigan. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The Wilcomes own a business that uses several propane-powered water heaters. In July 2021, the pilot lights on these water heaters went out. The Wilcomes inspected the gauge on their 400-gallon propane tank and saw that it read 5% full, which was as low as the gauge could display. They informed defendant, their propane supplier, that they were out of propane. Defendant's delivery driver pumped 390 gallons of propane into the tank, asked the Wilcomes if they could relight the pilot lights, and departed. The Wilcomes relit the pilot lights without incident, but, the

---

[1] *Farm Bureau Ins Co of Mich v Blarney Castle Oil Co*, 513 Mich 886 (2023).

next day, propane that had leaked out of a corroded pipe in their attic exploded, damaging the premises.

Plaintiffs filed suit, alleging breach of contract and negligence by defendant. Defendant moved for summary disposition. The trial court granted summary disposition as to the breach-of-contract claim, but denied it as to the negligence claim. The trial court concluded that plaintiffs' negligence claim could proceed because there remained a genuine question of fact as to whether defendant breached its duty of care. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo motions for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id*. at 119. "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted).

By contrast, "[a] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. In evaluating these motions, "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*.

This Court also reviews "de novo the determination whether a duty exists." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). Although the existence of a duty is usually a question of law for the courts, "[w]here the evidence presented to a court concerning duty generates a question of fact, that question can be submitted to the jury for resolution." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 112 n 2; 1 NW3d 44 (2023). "While the court decides questions of duty, general standard of care and proximate cause, the jury decides whether there is cause in fact and the specific standard of care: whether defendants' conduct in the particular case is below the general standard of care[.]" *Moning v Alfono*, 400 Mich 425, 438; 254 NW2d 759 (1977) (citation omitted).

## III. LAW AND ANALYSIS

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, 512 Mich at 110. There are several ways a duty of care arises, including "from a statute, a contractual relationship, or by operation of the common law[.]" *Hill*, 492 Mich at 661. Duties do not arise, however, in the context of industry-wide standards. *Schultz v Consumers Power Co*, 443 Mich 445, 456; 506 NW2d 175 (1993); see also *Groncki v Detroit Edison Co*, 453 Mich 644, 659 n 6; 557 NW2d 289 (1996). "An argument on the basis of industry standards . . . goes to the question whether a defendant breached its duty of ordinary care, not whether a duty existed." *Schultz*, 443 Mich at 456.

Plaintiffs dedicated one line in their complaint regarding defendant's duty. Specifically, plaintiffs alleged "that [defendant] had a duty to perform a leak check pursuant to [National Fire Protection Association (NFPA)] sections 54 and 58."[2] In the next line, plaintiffs alleged that defendant breached that duty by failing to conduct a leak check of the Wilcomes' system. Defendant moved for summary disposition under MCR 2.116(C)(8), arguing plaintiffs' complaint was deficient because duties cannot arise from the NFPA industry standards. As noted, industry standards inform the nature and extent of a duty, but do not in and of themselves create a legal duty. *Schultz*, 443 Mich at 456. Plaintiffs' complaint was therefore deficient because it relied exclusively on NFPA standards as the sole basis of defendant's duty. The trial court should have granted summary disposition under MCR 2.116(C)(8) on this basis and it erred when it concluded otherwise.[3]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Christopher M. Murray

---

[2] Section 54 of the NFPA codes and standards "requires a leak check to be performed on new systems and immediately after reintroducing gas into a system following the interruption in service."

[3] The trial court denied summary disposition because it concluded there was a a genuine issue of material fact as to whether defendant breached its duty to safely deliver the propane to the Wilcomes. The trial court correctly noted that when a gas supplier delivers a dangerous commodity like propane, the supplier has "a duty to ensure that its product is delivered safely to the exterior of the premises of the end user[.]" *Girvan v Fuelgas Co*, 238 Mich App 703, 714; 607 NW2d 116 (1999). In the trial court's view, there remained a question of fact whether the safe delivery of the propane in this case necessitated a leak test. It is irrelevant, however, whether the delivery of the propane required a leak test, because plaintiff's complaint failed to state a valid claim.